# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DARREL R. FISHER,

    Plaintiff,

v.

PETER A. MOORE, JR., *et al.*,

    Defendants.

Civil Action No.: 5:25-CT-3155-SAG

## MEMORANDUM OPINION

Self-represented plaintiff Darrel R. Fisher ("Plaintiff") filed the above-captioned Complaint together with a Motion to Proceed in Forma Pauperis. ECF 1, 2. Because the defendants in this case are five federal judges in the Eastern District of North Carolina and its Clerk of Court, the Chief Judge of the United States Court of Appeals for the Fourth Circuit assigned this case to the undersigned, a judge from out-of-district. ECF 4. After thorough review of the filings, Plaintiff's motion to proceed in forma pauperis will be GRANTED, but his Complaint must be dismissed for the reasons stated below.

Plaintiff is presently subject to civil confinement at a federal facility in Butner, North Carolina, and he appropriately seeks to proceed *in forma pauperis*. In such circumstances, 28 U.S.C. § 1915 instructs district courts that they "shall dismiss [a] case" filed by a plaintiff proceeding *in forma pauperis* if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see Newsome v.*

*EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (extending 28 U.S.C. § 1915 screening to non-prisoner *pro se* litigants); *see also Emrit v. Bank of America, Inc.*, 566 Fed. App'x 265, 265–66 (4th Cir. 2014) (same).

While Plaintiff's complaint is not a model of clarity, he appears to bring claims against the Clerk of Court for failure to issue summonses on unspecified occasions and against five United States District Judges for various decisions those judges made in cases involving Plaintiff. ECF 1 at 7–15. Plaintiff seeks monetary damages in the amount of $400 million. *Id.* at 6.

It is clear that Plaintiff's claims against the five United States District Judges are barred by the well-established doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). Each of Plaintiff's claims against the Judges is premised on the Judges' judicial decisions. ECF 1 at 8–15. The doctrine of judicial immunity therefore shields the Judges from Plaintiff's monetary claims against them in both their official and individual capacities. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id.* at 11. An act is still judicial, and immunity still applies, even if the judge commits "grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Moreover, "judges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction" and "are alleged to have been done maliciously or corruptly." *Id.* at 355–56; *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly).

2

Case 5:25-ct-03155-SAG    Document 6    Filed 09/15/25    Page 2 of 6

In *Pierson v. Ray*, 386 U.S. 547 (1967), the United States Supreme Court granted certiorari to consider whether a judge was liable for damages under 42 U.S.C. § 1983 for an unconstitutional conviction. In explaining its rationale for judicial immunity, the Court stated:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . . This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." . . . It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

*Id.* at 553–54.

The bar of absolute judicial immunity may be overcome in just two limited sets of circumstances: (1) "for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12 (citing *Stump*, 435 U.S. at 356–57, 360). A judge acts in a judicial capacity when the function is one "normally performed by a judge" and when the parties "dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. The "relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'" *Mireles*, 502 U.S. at 13 (quoting *Stump*, 435 U.S. at 362).

Courts thus look to an "act's relation to a general function normally performed by a judge" to determine whether the act was judicial. *Id.* Here, Plaintiff's claims against each Judge stem from actions taken by the Judge during litigation involving Plaintiff, which is precisely the type of judicial action covered by judicial immunity. Plaintiff has offered no grounds to defeat the judicial immunity that applies to the Judges' determinations made in his cases. Accordingly, Plaintiff's

3

claims against Judges Dever, Flanagan, Britt, Boyle, and Myers are dismissed with prejudice. *See, e.g.*, *Galloway v. Davis*, No. 23-1386, 2023 WL 4105708, at *1 (4th Cir. June 21, 2023) (affirming dismissal of a *Bivens* action with prejudice under § 1915(e)(2) where claims were barred by judicial immunity); *Lyons v. Hoppe,* No. 5:24-cv-00020-MKR, 2024 WL 2834495, at *1–2 (W.D. Va. June 4, 2024) (dismissing claims with prejudice under 28 U.S.C. §1915 in light of judge's "absolute immunity"); *Mills v. Marchant*, No. 8:19-cv-1512-TMC-JDA, 2019 WL 2647600, at *2–3 (D.S.C. June 4, 2019), *adopted*, 2019 WL 2644216 (D.S.C. June 27, 2019) (dismissing claims with prejudice as frivolous under 28 U.S.C. § 1915 where barred by the doctrine of judicial immunity).

Plaintiff also asserts claims against the Clerk of Court for the Eastern District of North Carolina, Peter A. Moore Jr. ("the Clerk"). It appears Plaintiff alleges that the Clerk refused to issue summonses in cases he filed, in violation of his constitutional right to due process. Plaintiff also alleges what appears to be an equal protection claim, suggesting that the Clerk treated persons who could not pay the filing fee differently than persons who could pay the filing fee. Plaintiff

4

Case 5:25-ct-03155-SAG    Document 6    Filed 09/15/25    Page 4 of 6

expressly declined to identify the particular cases in question, however. *See* ECF 1 at 7 (asserting his claim "without redundantly listing each and every time [the Clerk] did not do his duty/job").[1]

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, absent identification of the cases Plaintiff believes were handled improperly, this Court is unable to ascertain whether his claims are within the limitations period, whether Plaintiff has adequately alleged a violation of his constitutional rights, or whether the Clerk is entitled to derivative judicial immunity or quasi-judicial immunity for his actions. This iteration of Plaintiff's complaint does not therefore adequately state a claim on which relief can be granted. However, Plaintiff will be afforded thirty days to seek leave to file an amended complaint providing additional factual detail about his constitutional claims against the Clerk.

For the reasons discussed above, Plaintiff has failed to state a claim on which relief can be granted. His claims against the five United States District Judges are dismissed with prejudice, and

---

[1] Plaintiff's Complaint also asserts unspecified claims under a number of statutes that do not appear applicable to any actions that the Clerk may have taken. For example, Plaintiff cites to an extensive number of criminal statutes under Title 18 as grounds for his lawsuit. ECF at 4. Title 18 generally creates criminal offenses that the government may prosecute, not civil causes of action that may be brought by individual plaintiffs. *See* 18 U.S.C. §§ 1–5043 (titled "Crimes and Criminal Procedure"). Even as to any statutes under Title 18 that may include a civil cause of action, Plaintiff fails to allege facts supporting any such cause of action because he does not describe any particularized actions that the Clerk took. He also cites statutes, such as 42 U.S.C. § 1983, that are actionable against only state officials, not federal officials. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–820 & n. 30 (1982) (distinguishing suits brought against state officials under 42 U.S.C. § 1983 and suits brought against federal officials). Finally, he cites to seven different Constitutional amendments without explaining the nature of his claims, other than his asserted due process and equal protection claims. ECF at 4. For any claims he intends to pursue in his proposed amended complaint, Plaintiff must include a more particularized description of the nature of his claims and specific facts to support them.

his claims against Peter A Moore, Jr. are dismissed without prejudice. Plaintiff will be afforded thirty days from the date of this memorandum opinion and order to file a motion seeking leave to file an amended complaint, which must attach a proposed amended complaint comporting with the instructions in this memorandum opinion. Should no such motion be filed within the time allotted, this case will be closed.

A separate Order follows.

 September 15, 2025  
Date

                   /s/  
Stephanie A. Gallagher  
United States District Judge